## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Darrin Wilson, Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  06-CV-0732 |
| THE J.P. MORGAN CHASE RETIREMENT PLAN, J.P. MORGAN CHASE BANK, N.A., J.P. MORGAN CHASE & CO., JOHN DOES 1-100 | ) ) ) ) | **CLASS ACTION COMPLAINT** |
| Defendants. | ) ) ) | JURY TRIAL REQUESTED |

Plaintiff Darrin Wilson, a participant in the "The J.P. Morgan Chase Retirement Plan" (the "Plan"), on behalf of himself and a class of all others similarly situated, alleges as follows:

## INTRODUCTION

1.      This is a class action brought pursuant to § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, on behalf of the participants in and beneficiaries of the Plan, a defined benefit plan sponsored by J.P. Morgan Chase Bank, N.A. for eligible employees of J.P. Morgan Chase & Co. and participating affiliate companies.

2.      This action is brought on behalf of Plaintiff and all individuals who participated in the Plan or a predecessor cash balance plan, including, without limitation, the Retirement Plan of Morgan Guaranty Trust Company of New York, at any time on or after January 1, 1999 whose retirement benefits have been converted to and/or calculated according to the Plan's or such predecessor plan's cash balance formula.  Generally, as Plaintiff demonstrates, the Plan violated ERISA's prohibition on reducing rates of benefit accrual due to the increasing age of a plan

participant, ERISA § 204(b)(1)(H)(i), 29 U.S.C. § 1054(b)(1)(H)(i).  Additionally, Defendants

violated their fiduciary duties owed to Plan participants under ERISA § 404, 29 U.S.C. § 1104.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1331(a) and ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

4.      Venue is proper in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. §

1132(e)(2), because the Plan was administered in this district, some or all of the fiduciary

breaches for which relief is sought occurred in this district, and/or some Defendants reside or

maintain their primary place of business in this district.

5.      More specifically, this district is an appropriate venue for this action because, on a

recent Plan Form 5500 annual filing with the Internal Revenue Service and Department of Labor,

the address listed for Defendant J.P. Morgan Chase Bank, N.A., the sponsor of the Plan, is in this

district.  Further, the principal executive offices of Defendant J.P. Morgan Chase & Co., the

sponsor and administrator of the Plan, are located in this district.  Additionally, it is likely that

many of the parties and potential witnesses, including Plan administrative committee members,

corporate executives and many plan participants, are located in or within close proximity to this

district.

## PARTIES

**Plaintiff**

6.      Plaintiff Darrin Wilson is a New York resident who was employed with Chase

Investment Services Corp., a subsidiary of Defendant J.P. Morgan Chase & Co., during the Class

Period.

7.     During the Class Period, Plaintiff was a "participant" of the Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7).

**Defendants**

**The J.P. Morgan Chase Retirement Plan**

8.     Defendant The J.P. Morgan Chase Retirement Plan is an employee pension benefit plan under ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A).  Specifically, the Plan is a defined benefit plan within the meaning of ERISA § 3(35), 29 U.S.C. § 1002(35).

9.     The Plan is a noncontributory defined benefit plan.  The Plan generally includes all active, full and part-time salaried, U.S. Dollar paid employees of J.P. Morgan Chase & Co. (and certain affiliated companies), who have completed at least one year of service.

**J.P. Morgan Chase Bank, N.A.**

10.     Defendant J.P. Morgan Chase Bank, N.A. ("JPMC Bank") is a national banking association, headquartered in New York, NY.  Defendant JPMC Bank is a wholly-owned subsidiary of Defendant J.P. Morgan Chase & Co., a financial holding company incorporated in Delaware.

11.     According to the Plan's Form 5500 submission to the IRS and Department of Labor for 2003 ("2003 Form 5500"), Defendant JPMC Bank is the Plan sponsor within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B) and a Plan administrator pursuant to ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A).  Defendant JPMC Bank is a fiduciary of the Plan pursuant to ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) in that it has discretionary authority and control regarding the administration and management of the Plan and/or the Plan's assets.

**J.P. Morgan Chase & Co., Inc.**

12.     Defendant J.P. Morgan Chase & Co. ("JPMC") is a Delaware corporation

headquartered in New York, NY and is the parent company of Defendant JPMC Bank.  Upon

information and belief, Defendant JPMC is a fiduciary of the Plan pursuant to ERISA §

3(21)(A), 29 U.S.C. § 1002(21)(A) in that it has discretionary authority and control regarding the

administration and management of the Plan and/or the Plan's assets.[1]

**Additional "John Doe" Defendants**

13.     Unknown "John Doe" Defendants 1-100 are residents of the United States and are

or were fiduciaries of the Plan during the Class Period, including, without limitation, directors,

officers, and Plan administrative committee members.  Their identities are currently unknown to

Plaintiff; once their identities are ascertained, Plaintiff will seek leave to join them under their

true names.

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action as a class action pursuant to Rules 23(a), (b)(1) and/or

(b)(2) of the Federal Rules of Civil Procedure on behalf of himself and the following class of

persons similarly situated (the "Class"):

> All individuals, excluding Defendants, who have participated in
> The J.P. Morgan Chase Retirement Plan, or a predecessor cash
> balance plan, including, without limitation, the Cash Balance Plan
> of Morgan Guaranty Company, at any time on or after January 1,
> 1999 (the "Class Period")[2], whose accrued pension benefits are
> based, in whole or in part, on such plan's cash balance formula,
> and their beneficiaries.[3]

---

[1] According the 2003 Form 5500, the Plan is administered by an administrator appointed by the board of directors of Defendant JPMC Bank or Defendant JPMC.

[2] The class period may later be extended, as Plaintiff believes that another predecessor plan, the Retirement Plan of The Chase Manhattan Bank and Certain Affiliated Companies, converted from a final average pay formula to a cash balance formula effective January 1, 1989.

[3] Certain participants in prior plans merged into the Plan were grandfathered.  Certain grandfathered participants did not suffer the harm described in this Complaint.  Upon information and belief, the proposed Class does not include any participants who did not suffer the harm alleged herein.

15.     The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are, at a minimum, over 65,000 members of the Class who participated in, or were beneficiaries of, the Plan during the Class Period.[4]

16.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)     whether the benefits earned by the Plan participants have been calculated correctly as required by ERISA;

(b)     whether the benefits provided under the terms of the Plan accrue at a rate which is reduced because of age;

(c)     what remedies are needed to bring the Plan into compliance with the dictates of ERISA;

(d)     whether the Class is entitled to a clarification of future benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

(e)     whether the fiduciary Defendants violated their fiduciary duties owed to participants under ERISA § 404, 29 U.S.C. 1104;

(f)     whether the Class is entitled to an injunction pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and

(g)     whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

---

[4] *See* the 2003 Form 5500, which indicated that, as of December 31, 2003, the Plan had 65,180 active participants.

17.    Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other members of the Class each sustained damages and/or were negatively affected by Defendants' wrongful conduct in violation of federal law as complained of herein.

18.    Plaintiff will fairly and adequately protect the interests of the members of the Class and have retained counsel highly competent and experienced in class action and complex litigation, including actions involving ERISA employee pension plans.  Plaintiff has no interests antagonistic to or in conflict with those of the Class.

19.    Class action status in this ERISA action is warranted under Rule 23(b)(1)(B) because prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the actions, or substantially impair or impede their ability to protect their interests.

20.    Class action status is also warranted under the other subsections of Rule 23(b) because: (i) prosecution of separate actions by the members of the Class would create a risk of establishing incompatible standards of conduct for Defendants and/or (ii) Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

21.    On December 31, 2000, J.P. Morgan & Co., Incorporated ("J.P. Morgan") was merged into The Chase Manhattan Corporation ("Chase") by way of a stock for stock transaction.  Following the merger, Chase changed its name to J.P. Morgan Chase & Co.

22.    The Plan is the result of the merger, effective January 1, 2002, of the prior cash balance plans of J.P. Morgan and Chase, respectively known as the "Cash Balance Plan of

Morgan Guaranty Trust Company of New York" (the "Morgan Plan") and the "Retirement Plan of The Chase Manhattan Bank and Certain Affiliated Companies" (the "Chase Plan"). To effectuate the merger of the plans, at the close of business on December 31, 2001, the net assets of the Morgan Plan were transferred to the Chase Plan, which was amended and renamed "The J.P. Morgan Chase Retirement Plan," with an effective date of January 1, 2002.[5]

23.     Prior to the merger of the plans, the Morgan Plan converted from a traditional, final average pay pension formula to a cash balance formula for determining retirement benefits, effective January 1, 1999. As noted above, upon information and belief, the Chase Plan previously made a similar conversion effective January 1, 1989.

24.     As noted, under the Plan, participants' benefits are determined according to a cash balance formula. Under the cash balance formula, each participant has a hypothetical individual cash balance account ("Cash Balance Account").

25.     Each participant's Cash Balance Account accumulates pay credits ("Pay Credits") on a monthly basis. Pay Credits are equal to a percentage of the participant's eligible monthly compensation, ranging from 3%-10%, based upon his/her years of service.[6]

26.     Each participant's Cash Balance Account also receives monthly interest credits, based upon the plan's interest credit rate. The Plan's interest credit rate is equal to the average 30-year Treasury rate published for the month of October from the prior year.

27.     Generally, participants begin accruing benefits after completing one year of service, with benefits becoming vested after five years of service.

---

[5] *See* Form 5500 for plan year 2003 for the Morgan Plan ("2003 Morgan Form 5500") submitted to the Internal Revenue Service and Department of Labor.

[6] Under the Morgan Plan, pay credits were equal to 5% of a participant's eligible monthly compensation. *See* 2003 Morgan Form 5500. Under the Chase Plan, upon information and belief, the applicable percentage for pay credits was based upon a participant's age and years of service.

28.     Payment options include a lump sum distribution and various annuity options, though accounts with vested balances of $5,000 or less are automatically paid as lump sum distributions.

29.     Normal retirement age under the Plan is 65.

30.     Upon termination of employment with vested benefits, a participant may elect to receive distribution or defer payment up to age 65.

31.     Although the Plan provides for a hypothetical individual account for each participant, it is not a "defined contribution plan," as that term is defined in ERISA Section 3(34), 29 USC § 1002(34).  Rather, the Plan is a "defined benefit plan," as defined in ERISA Section 3(35), 29 USC § 1002(35).  As such, the Plan must provide for a definitely determinable, non-forfeitable, accrued benefit. *Cooper v. IBM Pers. Pension Plan*, 274 F. Supp. 2d 1010, 1021 (N.D. Ill. 2003) (citing ERISA § 203(a), 29 U.S.C. § 1053(a).

32.     Under ERISA, a participant's accrued benefit is not measured by his/her account balance; rather, ERISA defines a participant's accrued benefit under a defined benefit plan in the form of an annual benefit commencing at normal retirement age.  ERISA § 3(23)(A), 29 U.S.C. § 1002(23)(A); I.R.C. § 411(a)(7)(A)(i) (2006); *Esden v. Bank of Boston*, 229 F.3d 154, 163 (2nd Cir. 2000); *West v. AK Steel Corp. Retirement Accumulation Pension Plan*, 318 F.Supp. 2d 579, 582 (S.D. Ohio April 8, 2004); Treas. Reg. § 1.411(a)-(7)(a)(i).

33.     For defined benefit plans, ERISA plainly prohibits reducing a participant's rate of benefit accrual on account of age.  ERISA § 204(b)(1)(H)(i), 29 U.S.C. § 1054(b)(1)(H)(i).

34.     However, the Plan clearly provides for age-based reductions in the rate of benefit accruals.  A year of service at the same pay rate is less valuable to a participant than to the same participant at younger age.  As a participant ages, the same dollar contribution made for him/her

declines in value in terms of an annual benefit commencing at normal retirement age.  This is because, as a participant ages, the contribution has fewer years to earn interest credits.[7]

35.     Plaintiff did not file claims for benefits under the Plan's claims procedures because he seeks relief from violations of ERISA statutory provisions which do not require the exercise of discretion by a Plan fiduciary.  In addition, Plaintiff has not attempted to exhaust his administrative remedies because to do so would be futile, as the issues involved in this action are only issues of law.

## COUNT I

36.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

37.     Pursuant to ERISA § 204(b)(1)(H)(i), 29 U.S.C. § 1054(b)(1)(H)(i) the rate of accrual of the defined benefit under the plan may not be reduced because of the attainment of any age.

38.     Interest credits are a part of a participant's accrued benefit.  As such, they must be: (a) valued as an annual benefit commencing at age 65; and (b) taken into account in determining whether the Plan satisfies ERISA's benefit accrual requirements set forth in ERISA § 204(b)(1), 29 U.S.C. § 1054(b)(1).  *Cooper*, 274 F. Supp. 2d 1010, 1021.

39.     The Plan provides for a reduced rate of benefit accrual as a participant ages.   As a participant ages, the amount of each year's benefit accrual through normal retirement age is reduced.  A year of service at the same pay rate is less valuable to an older worker than to the same worker at a younger age, since the later benefit accrual will "earn" fewer years of interest credits through normal retirement age.

---

[7] *See* Edward A. Zelinsky, "The Cash Balance Controversy Revisited: Age Discrimination and Fidelity to Statutory Text," 20 Va. Tax Rev. 557, 560-44 (2000).

40.     Accordingly, the Plan violates ERISA § 204(b)(1)(H)(i), 29 U.S.C. § 1054(b)(1)(H)(i).

41.     Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Plaintiff and the Class are entitled to a judgment enjoining the Plan and the Company from continuing to violate the foregoing provision of ERISA and to determine and calculate their benefits in a manner which is consistent with such provision, as well as other appropriate equitable relief.

## COUNT II

42.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

43.     ERISA § 102, 29 U.S.C. § 1022 requires a plan administrator to provide a summary of any material modification in the terms of the plan…written in a manner calculated to be understood by the average plan participant…"

44.     The implementation of a cash balance formula constituted a material modification in the terms of the plan, as described in ERISA § 102, 29 U.S.C. 1022.

45.     The summary plan description provided by the Company failed to adequately describe, in a manner calculated to be understood by the average plan participant, the full effects of the cash balance formula, including explanations of the reduction in the rate of benefit accrual with increasing age.

46.     Accordingly, the Defendants violated the provisions of ERISA § 102, 29 U.S.C. § 1022.

## COUNT III

47.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

48.     At the time of the implementation of a cash balance formula for the Plan and/or its predecessor plans, ERISA § 204(h), 29 U.S.C. § 1054(h) provided that a defined benefit plan may not be amended so as to provide for a significant reduction in the rate of future benefit accrual, unless the plan administrator provides a written notice setting forth the plan amendment and its effective date to each plan participant.  Such notice was required to have been given after the adoption of the plan amendment and not less than 15 days before the effective date of the amendment.

49.     The implementation of a cash balance formula constituted a plan amendment providing for significant reductions in the rate of future benefit accrual.

50.     Upon information and belief, Defendants violated ERISA § 204(h), 29 U.S.C. § 1054(h) by failing to provide the requisite notice in compliance therewith.

## COUNT IV

51.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

52.     Pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(l)(B), Plaintiff and the Class are entitled to a judgment clarifying their right to receive future benefits from the Plan, calculated under the terms of the Plan, to the extent those terms are not inconsistent with the applicable provisions of ERISA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 with the Class defined as aforesaid and Plaintiff as a proper Class representative;

B.      Judgment for Plaintiff and the Class against defendants on all claims asserted herein including an amount of money sufficient to satisfy their claims;

C.      Injunctive and other equitable relief recounted above, including the enjoining of Defendants from enforcement of the Plan's unlawful provisions described above and the amendment of the Plan to make all of its relevant provisions age-neutral;

D.      Injunctive relief entitling Plaintiff and the Class to benefits which are the greater of: (1) the benefits to which they would have been entitled without regard to the conversion to the Cash Balance Formula; (2) or the benefits under the Plan with regard to the Cash Balance Formula, as properly calculated under ERISA;

E.      Pre-and post-judgment interest;

F.      Attorneys' fees and costs pursuant to the common fund/benefit doctrine or any other applicable law; and

G.      Any other and further relief as the Court deems appropriate under the circumstances.

Dated: January 31, 2006

Respectfully submitted,

Curtis V. Trinko (CT-1838)
**LAW OFFICES OF CURTIS V. TRINKO, LLP**
16 West 46th Street
Seventh Floor
New York, NY 10036

**SCHIFFRIN & BARROWAY, LLP**
Richard S. Schiffrin, Esq.
Joseph H. Meltzer, Esq.
Edward W. Ciolko, Esq.
Joseph A. Weeden, Esq.
280 King of Prussia Road

Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**Attorneys for Plaintiff**