UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
IN RE J.P. MORGAN CHASE CASH BALANCE        :
LITIGATION                                                                  :        06 Civ. 732 (HB)
------------------------------------------------------------------ :
THIS DOCUMENT RELATES TO:                              :        **OPINION & ORDER**
                                                                                    :
All Actions                                                              :
------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

      Neil Aldoroty, John J. Berotti, Annette Marie Falchetti, Terri Melli, Norman J. Schomaker, and Perry Shapiro (collectively "Plaintiffs"), former employees of JPMorgan Chase & Co. ("JPMC") and its various Predecessor Plans, allege various ERISA violations against JPMC and JPMC's Director of Human Resources (collectively "Defendants") and seek, amongst other relief, class certification.  In Count I, Plaintiffs allege that the cash balance method that Defendants use to calculate pension benefits under the JPMC Retirement Plan ("Plan") is age discriminatory in violation of ERISA § 204(b)(1)(H)(i).  In Count II, Plaintiffs claim that the transition from a final average pay formula to the cash balance formula created an impermissible "wear-away" of benefits in violation of ERISA § 204(b)(1)(B), and in Count III, Plaintiffs allege that the transition from a final average pay formula to the cash balance formula created an impermissible forfeiture of accrued benefits in violation of ERISA § 203(a)(2)(A).[1]  In Counts IV –VI (collectively "notice claims"), Plaintiffs allege that Defendants failed to provide the following – notice of reduction of the rate of their future benefit accrual pursuant to ERISA Section 204(h), an adequate Summary Plan Description ("SPD") as required by ERISA Section 102(b), and summaries of material modifications to the Plan pursuant to ERISA Section 102(a).

      The action was initiated in January 2006 and Defendants, in June 2006, filed a motion to dismiss all claims.  I granted the motion with respect to Counts II and III, but denied it with respect to the age discrimination and notice claims.  Thus, Counts I, IV, V, and VI remain.

      As noted, Plaintiffs now request, pursuant to Federal Rule of Civil Procedure 23, certification of their proposed class, appointment of Plaintiffs as class representatives, and appointment of class counsel.  For the reasons set forth below, this motion to certify the class is GRANTED in part.  Plaintiffs Berotti, Falchetti, Melli, and Shapiro are appointed class representatives and the law firms of Schiffrin & Barroway, LLP, Kirby, McInerney & Squire,

---

[1] Counts II and III were subsequently withdrawn by the Plaintiffs.

LLP, and Keller Rohrback LLP are appointed class counsel pursuant to Federal Rule of Civil Procedure 23(g).

## I.   BACKGROUND

The facts of this case, including the terms of the Plan at issue, are set forth in detail in my October 30, 2006 Opinion & Order, familiarity with which is presumed.  In re J.P. Morgan Cash Balance Litigation, 460 F.Supp.2d 479 (S.D.N.Y. 2006).  In summary, the JPMC Plan is a cash balance plan that was initiated after the union of, and amendments to, the various retirement plans of the JPMC Predecessor Companies.  Over the years, JPMC has merged with the following companies (collectively "Predecessor Companies") – the Retirement Plan of the Chase Manhattan Bank & Certain Affiliated Companies, the Retirement & Family Benefits Plan of the Chase Manhattan Bank, N.A., the Retirement Plan of Chemical Bank and Certain Affiliated Companies, Cash Plan for Retirement of Chemical Bank and Certain Affiliates, the Chase Balance Plan of Morgan Guaranty Trust Company of New York and Affiliated Companies for United States Employees, and Bank One Corporation Personal Pension Account Plan.  At present, there is one plan, centrally administered by JPMC.

The proposed class representatives are former employees of JPMC, or one of its acquired banks ("Predecessor Companies"), and are members of its cash balance plan.  Plaintiffs have put forth the following representatives:

1. Neil Aldoroty joined Chase Manhattan Corporation in 1967 and continued to work for Chase Manhattan Corporation's successor companies until 2002.

2. John J. Berotti joined Chase Manhattan Corporation in 1971 and continued to work for Chase Manhattan Corporation's successor companies until 2001.

3. Annette Marie Falchetti joined Chase Manhattan Corporation in 1975 and continued to work for Chase Manhattan Corporation's successor companies until 2001.

4. Terri Melli joined Chase Manhattan Corporation in 1997 and continued to work for the company's successor, JP Morgan Chase & Co., until 2005.

5. Norman J. Schomaker joined Chase Manhattan Corporation in 1966 and continued to work for Chase Manhattan Corporation's successor companies until 2005.

6. Perry Shapiro joined Manufacturers Hanover Trust in 1969 and continued to work for Manufacturers Hanover Trust's successor companies until 2001.

Two of class representatives, Neil Aldoroty and Norman Schomaker, have already received their lump sum payments under the plan.

## II.   DISCUSSION

Plaintiffs request that the court certify a class that consists of:

> All Plan participants, whether active, inactive or retired, their beneficiaries and Estates, whose accrued benefits or pension benefits are based in whole or in part on the Plan's cash balance formulas, from January 1, 1989 to present.

To determine whether the proposed class should be certified, a two-step inquiry is required. The district court must first ascertain whether the class satisfies the factors set forth in Federal Rule of Civil Procedure 23(a), commonly referred to as the numerosity, commonality, typicality, and adequacy factors. If each Rule 23(a) factor is met, then the court must determine whether class certification is appropriate under one of the three provisions set out in Federal Rule of Civil Procedure 23(b). Plaintiffs bear the burden of showing that the proposed class satisfies Rule 23, see, e.g., Marisol A. v. Guiliani, 126 F.3d 372, 375 (2d Cir. 1997), and the district court must determine, based on relevant facts submitted by the Plaintiff, that Rule 23 is met. In re Initial Public Offering Securities Litigation, 471 F.3d 24, 30 (2d Cir. 2006). Finally, a court must address the proper administration of the action, including appointment of class counsel pursuant to Rule 23(g) and directing proper notice to absent class members pursuant to Rule 23(c). In re Onmicom Group, Inc. Sec. Litig., No. 02-4483, slip op. at 5 (S.D.N.Y. Apr. 30, 2007).

Defendants assert that the named Plaintiffs lack standing to bring these claims and they fail to meet the class certification requirements of Rule 23.

*A. Standing*

*1. Standing Under Article III of the United States Constitution*

In order to establish standing under Article III, the potential plaintiff must: (1) have suffered an injury-in-fact, (2) demonstrate a causal connection between the injury and the objectionable conduct; and (3) demonstrate that the injury will be remedied by the requested relief. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Defendants maintain that ERISA § 204(b)(1)(H), the anti-age discrimination provision, only applies to individuals over the age of 65. Since none of the Plaintiffs have reached age 65, Defendants contend that they lack standing under Article III.

In my October 30, 2006 Opinion & Order, I rejected Defendants' interpretation of ERISA

§ 204(b)(1)(H). This provision provides as follows:

> A defined-benefit plan shall be treated as not satisfying the requirements of this paragraph if, under the plan, an employee's benefit accrual is ceased, or the rate of an employee's benefit accrual is reduced, because of the attainment of any age.

I found that the unambiguous meaning of the phrase "attainment of any age" compels the conclusion that the statute applies to everyone, not only those over 65. In re J.P. Morgan Cash Balance Litigation, 2006 WL 3063424, *5. Plaintiffs allege that their injury stems from the fact that they accrue less money in their retirement accounts as they grow older due to the language of JPMC's cash balance plan and claim that JPMC must reform the plan or be in violation of ERISA § 204(b)(1)(H). Since their concerns will be redressed if they prevail, I find that the Plaintiffs meet all of the Lujan factors and have constitutional standing to bring this suit.

*2. Statutory Standing Under ERISA § 502(a)*

ERISA § 502 allows participants or beneficiaries of an employee benefit plan to bring a civil action to "recover benefits due to him under the terms of his plan, . . ., or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Consequently, JPMC Plan participants who have yet to receive benefits can bring suit under ERISA. However, the law, as it stands, is less clear with respect to those class members that availed themselves of a lump sum payment from the Plan.

Standing for these class members require that they all qualify as participants under the statute. They do not claim beneficiary status under ERISA nor are they benefit plan fiduciaries. 29 U.S.C. § 1132(a) (stating that only participants, beneficiaries, and fiduciaries of employee benefit plans can bring suit under ERISA). ERISA defines "participant" as follows:

> Any employee or former employee of an employer, . . . *who is or may become eligible to receive a benefit of any type from an employee benefit plan* which covers employees of such employer. . . .

29 U.S.C. § 1002(7) (emphasis added). The Supreme Court in Firestone Tire & Rubber Company v. Bruch, 489 U.S. 101 (1989), expounded on ERISA's definition of "participant" and held that "the term 'participant' is naturally read to mean either employees in, or reasonably expected to be in, currently covered employment ... or former employees who have ... a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits." Firestone, 489 U.S. at 117.

4

The fly in the ointment here, as Defendants argue, is that two of the named Plaintiffs, Aldoroty and Schomaker, as former employees of JPMC, are no longer plan participants because they have already received their lump sum benefit and do not contend that they will ever return to covered employment. In Defendants' view, Aldoroty and Schomaker are no longer "eligible to receive a benefit" and do not have standing to bring this claim and thus, this aspect of the motion for class certification should be denied. In support, Defendants cite case law from other circuits that hold that former employees that have received their lump sum payment do not have standing to sue under ERISA. See, e.g., Raymond v. Mobil Oil Corp., 983 F.2d 1528, 1535-36 (10th Cir. 1993) (holding that former employers who have accepted lump sum payments of their retirement benefits, even if fraudulently induced to do so, are no longer "participants" under ERISA); Kuntz v. Reese, 785 F.2d 1410, 1411-12 (9th Cir. 1986) (finding that an individual that has received a lump sum payment is not a participant for ERISA purposes because the claim is one for damages, not vested benefits, as required by the statute); Yancy v. American Petronia, 768 F.2d 707, 708-09 (5th Cir. 1985) (holding that a former employer who accepted lump sum payment of his retirement benefit is no longer a "participant" under ERISA). This Circuit has not ruled on the question. See Coan v. Kaufman, 457 F.3d 250, 255-56 (2d Cir. 2006).

In short, Defendants contend that any relief that Aldoroty and Schomaker may be entitled to in the event Plaintiffs were to prevail would be a damage award, not benefits, and thus, they fall without the statute and without standing, I agree. Plaintiffs contend that Aldoroty and Schomaker are plan participants because their lump sum payments were calculated under an illegal plan and thus, under a reformed plan, they are entitled to additional benefits. Plaintiffs point to miscalculation cases where courts have found that a former employee has standing if their lump sum payment was miscalculated under the terms of the plan, but that is not our case. There, the former employee was still "eligible to receive benefits" under the plan because calculation of benefits under the terms of the plan was challenged, not the plan itself.

Further, while it is true that this Circuit has adopted a more expansive view of standing under the "zone of interests" test adopted in Mullins v. Pfizer, 23 F.3d 663 (2d Cir. 1994), Plaintiffs do not qualify as plan participants pursuant to that theory either. In Mullins, the Court stated that "the basic standing issue is whether the plaintiff is 'within the zone of interests ERISA was intended to protect.'" Mullins, 23 F.3d at 668. In that case, the Court held that a plaintiff, who would not have retired but for the affirmative material misrepresentations by a Plan

5

administrator, had standing to sue under ERISA as a participant of the plan. Id. at 667. The Court was concerned that a plan fiduciary could destroy employee standing (and by extension, avoid liability) through their own bad acts. However, unlike Mullins, neither Aldoroty nor Schomaker allege any malfeasance on the part of Defendants. Therefore, as Aldoroty and Schomaker lack standing to bring this action, they, and any similarly situated individuals, are excluded from the class and Aldoroty and Schomaker will no longer be in the caption.

## *B. Class Certification*

Rule 23 of the Federal Rules of Civil Procedure sets forth the following prerequisites to class certification:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). If each Rule 23(a) factor is met, then the court must determine whether class certification is appropriate under Federal Rule of Civil Procedure 23(b). Plaintiffs bear the burden of proof as to each Rule 23 element and, as directed by this Circuit, the proposed class can be certified only after the district court finds, after review of "all the relevant evidence admitted at the class certification stage," that "each of the Rule 23 requirements has been met." In re Initial Public Offering, 471 F.3d 24, 30 (2d Cir. 2006).

## *1. Rule 23(a) Factors*

### *a. Numerosity*

Plaintiffs must first demonstrate that the proposed class is "so numerous that joinder of all members is impracticable." Impracticable does not suggest impossible, simply inconvenient or difficult. Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993). Plaintiffs state that the proposed class will number in the hundreds of thousands and in support, submit JPMC's 2004 tax return which states that as of the beginning of the 2004 plan year, JPMC had 117,345 participants in the Plan. Peter Linden Affidavit ("Linden Aff."), Ex. A. This Circuit has held that at 40 class members, numerosity is presumptively satisfied. Consolidated Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995). Plaintiffs easily satisfy this prong of the 23(a) requirements.

### *b. Commonality*

Turning to the second factor, commonality, Plaintiffs must demonstrate that their claims share a common question of law or fact with absent class members. Marisol A. v. Giuliani, 126 F.3d 372, 376 (2d Cir. 1997). One question of law or fact is sufficient to satisfy this prong, id., and Plaintiffs make that showing here.

Although Plaintiffs were employees of different Predecessor Plans, all of which were eventually merged into the JPMC Plan, Plaintiffs allege that JPMC's conduct caused all class members to suffer identical ERISA violations. Common questions of law include whether JPMC's cash balance plan violates ERISA's anti-age discrimination provision and whether JPMC's notice to participants of a decrease in the rate of benefit accrual was timely and whether any of those communications contained material misrepresentations and thus were violative of ERISA's notice provisions.

*c. Typicality*

Rule 23(a)(3), the typicality requirement, "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992) (internal citation omitted). This prong of the test does not require "that the factual background of each named plaintiff's claim be identical to that of all class members; rather it requires that the disputed issue of law or fact 'occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class.'" Caridad v. Metro-North Commuter R.R., 191, F.3d 283, 293 (2d Cir. 1999) (internal citation omitted) (finding that typicality was satisfied when nineteen of the twenty-seven named plaintiffs claimed that they had been unfairly disciplined because of their race, even though two plaintiffs admitted to the offense for which they were disciplined); In re Onmicom Group, Inc. Sec. Litig., No. 02-4483, slip op. at 6-7 (explaining that typicality does not demand that the factual background of the named plaintiff's claim be identical to that of all class members). In other words, factual diversity among the claims of putative class members does not automatically doom class certification under this prong. The purpose of the typicality requirement is to "ensure that 'maintenance of a class action is economical and that the named plaintiff's claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" See Cromer Fin. Ltd. v. Berger, 205 F.R.D. 113, 122 (S.D.N.Y. 2001) (citations omitted).

Plaintiffs argue that the age discrimination claims of all class members arise from JPMC's decision to utilize the cash balance formula to calculate retirement benefits.[2] Since this method, as a matter of arithmetic, allocates retirement benefits to employees at a slower rate as they age, Plaintiffs allege that JPMC is in violation of § 204(b)(1)(H)(i), ERISA's age discrimination provision for defined benefit plans.

Plaintiffs proposed class consists solely of individuals "whose accrued benefits or pension benefits are based in whole or in part on the Plan's cash balance formulas." As defined, all proposed class members have some, if not all, of their retirement benefits calculated via the cash balance formula, and thus, the alleged violation of ERISA § 204(b)(1)(H)(i), the anti-age discrimination provision, affects them all. In other words, the same method is used to calculate retirement benefits for all members of the proposed class, regardless of employer or employee status and satisfies the typicality prong of 23(a).

The more difficult question is whether Plaintiffs can satisfy the typicality requirement with respect to the notice claims. Plaintiffs again assert that if you focus on the conduct of the Defendants, this factor is satisfied.[3] Specifically, after each conversion to a cash balance plan, JPMC failed to issue the requisite notice to plan participants as required by ERISA. According to Plaintiffs, this failure, along with the uniformity of the notices issued, is enough to satisfy the typicality requirement.

However, the problem, as Defendants point out, is that Plaintiffs seek to certify a class of individuals who worked for different employers, at different times, and thus were subject to different Plans and notices related to those plans.[4] Thus, an analysis of the notice claims would require numerous fact-specific individualized inquiries (e.g. the content of the notice, timing and method of distribution) that are not conducive to class treatment and which would detract from

---

[2] The issue of age discrimination in a factually similar case is before the Second Circuit in Hirt v. The Equitable Retirement Plan for Employees, Managers, and Agents et al., Docket No. 06-CV-4757. Respondent class of long-term employees, managers and agents of insurance company filed suit under ERISA challenging changes made by their employer to their retirement plans. The lower court held, in part, that The Equitable Retirement Plan's amendments to its retirement plans did not discriminate against participants on the basis of age. Hirt v. The Equitable Retirement Plan for Employees, Managers, and Agents et al., 441 F.Supp.2d 516, 518 (S.D.N.Y. 2006).

[3] I heard oral arguments on class certification on December 19, 2006. Thereafter, at a status conference held on January 19, 2007, I ordered the parties to submit 10-page, non-adversarial supplemental briefs on the notice issue by March 16, 2007. I heard supplemental oral arguments on the notice claims on April 27, 2007.

[4] See, e.g., Defendant's Supplemental Memorandum Regarding Class Certification, Appendices II-III (outlining the differences in plan conversions and notices at issue).

the focus of this litigation.[5]  See, e.g., In re Onmicom Group, Inc. Sec. Litig., No. 02-4483, slip op. at 7 (explaining, with respect to defenses raised by Defendants at the class certification stage, that "the court's analysis of unique defenses centers on whether these defenses will unacceptably detract from the focus of the litigation to the detriment of the class members.")  Plaintiffs, to carry their burden of proof, must demonstrate that notices issued by unrelated Predecessor Plans are sufficiently similar to meet the typicality requirement and in this instance, they have failed to carry their burden.

Furthermore, Plaintiffs' proposed class of all active, inactive or retired employees "whose accrued benefits or pension benefits are based in whole or in part on the Plan's cash balance formulas, from January 1, 1989 to present" may include individuals who retired before the Plan converted to a cash balance plan at their bank and therefore, the provisions of the current JPMC cash balance plan may be inapplicable to them. See Amy Williams-Derry Declaration ("Williams-Derry Decl."), Ex. 3, JPMC Retirement Plan Preamble ("benefits for participants in the Heritage Morgan Cash Balance Plan who retired or terminated employment prior to December 31, 2001 and their beneficiaries *will be provided for under the terms and conditions of the Heritage Morgan Cash Balance Plan as in effect immediately prior to the December 31, 2001 merger*.") (emphasis added).  To the extent that these individuals are included in the proposed class, Plaintiffs have failed to demonstrate that these individuals received (or were even entitled to receive) notice, not to mention the same notice that went to the other members in the proposed class.  As stated by Plaintiffs' counsel at oral argument:

> The Court: I think what I'm asking you is if I'm retired but had been in that plan since '89, would I have the opportunity to look at and complain about a summary plan description that you're talking about?
>
> Mr. Loeser [Plaintiffs' Counsel]:  You may or may not.  It depends on what notice was issued to that person.

Tr. at 13:3-8.  In short, the notice claims of the named Plaintiffs are not typical vis-à-vis the proposed class members.  Further, typicality would not be met, as suggested by the Plaintiffs, with the addition of named Plaintiffs that represent each Predecessor Plan.  It is the factual

---

[5] Further, Defendants have indicated their intent to raise a statute of limitations defense to some, if not all, of these claims.  Since this Circuit has held that the six-year statute of limitations for ERISA civil enforcement actions does not begin to run until "there has been a repudiation by the fiduciary which is *clear* and made known to the beneficiaries," Davenport v. Harry N. Abrams, Inc., 249 F.3d 130, 134 (2d Cir. 2001), the timing and content of those notices may be dispositive as to some claims.

diversity of the notice claims that pose an insurmountable hurdle to class certification of the notice claims.

While the assortment of notices issued by the various Predecessor Plans dating back to 1989 defeats typicality of Plaintiffs' proposed class, we are still left with the current JPMC Plan which went into effect on January 1, 2002. As Plaintiffs highlight and underscore, all members of the proposed class are now subject to the terms of the 2002 Plan that is administered by JPMC, tr. at 12:21-23, and notices were sent to participants with respect to this Plan. The typicality requirement is met if the proposed class is restricted to participants of the 2002 plan since the claims will address the notice(s) issued with respect to only that plan.

*d. Adequacy of Representation*

Finally, I reach the adequacy of representation by the named Plaintiffs. The law demands that "the parties . . . fairly and adequately protect the interests of the class," FED. R. CIV. P. RULE 23(a)(4). The proper enquiry examines whether plaintiff's interests conflict with the interests of the other members of the class. Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 60 (2d Cir. 2000).

The class members must not have interests that are "antagonistic" to one another. In re Drexel Burnham Lambert Group, Inc., 960 F.2d at 291. Defendants argue that the interests of the named Plaintiffs substantially conflict with the rest of putative class. I disagree. Defendants contend that Plaintiffs, as former employees in their fifties, do not have the same interests as current employees or younger workers. Specifically, any reformation of the JPMC Plan at the behest of the named Plaintiff may reduce benefits for these employees. However, the gravamen of the Plaintiffs' complaint is that at any age, the cash balance method allocates less money to one's retirement account as one gets older. This ERISA violation affects former and current employees equally. While current employees may prefer the cash balance formula for various reasons (a speculative concept at best), see In re Visa Check/MasterMoney Antitrust Litig., 280 F.3d 124, 145 (2d Cir. 2001), I find that preference for a different remedy does not preclude class certification. See, e.g., Richards v. FleetBoston Financial Corp., 235 F.R.D. 165, 172 (D.Conn. 2006) ("Even if the court could assume at this stage in the litigation that class members do prefer a lump-sum distribution, a question it does not decide, this conclusion would go only toward the question of which remedy class members would seek, which does not affect the viability of the class at this stage in the litigation."); Amara v. CIGNA Corp., 2002 WL 31993224, *2 (D.Conn.

2002); Wilder v. Bernstein, 499 F.Supp.980, 983 (S.D.N.Y. 1980) ("The fact that some members of the class may be personally satisfied with the existing system and may prefer to leave the violation of their rights unremedied is simply not dispositive of a determination under Rule 23(a).") (internal citation omitted). In the final analysis, Plaintiffs seek to reform the JPMC Plan so that benefit accruals do not decrease with age, which is in the interest of all putative class members.

## 2. Rule 23(b) Factors

Plaintiffs must also demonstrate that the case "may be maintained as a class action" pursuant to one of three categories set forth in Rule 23(b) and they assert that they satisfy two of the three Rule 23(b) conditions for class certification, (b)(1) and (b)(2). Rule 23(b)(1) counsels that class certification is appropriate when there is a risk that separate actions would result in "incompatible standards of conduct for the party opposing the class," FED. RULE CIV. P. 23(b)(1)(A), or would "as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests." FED. RULE CIV. P. 23(b)(1)(B). Rule 23(b)(2) provides that the class action vehicle is appropriate if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." FED. RULE CIV. P. 23(b)(2). I find that the class may be certified under both Rule 23(b)(1) and (b)(2).

## 1. Certification Under Rule 12(b)(1)

As Plaintiffs stress, the cash balance plan, to the extent it affects proposed class members, is now centrally administered by JPMC. No other entity is responsible for calculating and distributing retirement benefits, even if the plan originated with one of the Predecessor Plans. As Plaintiffs represented at oral argument, and which Defendants do not dispute,

> There's only one plan now. We have the J.P. Morgan Chase plan, and I think it's important that that plan is centrally administered for all of the predecessor plans, so there's only one administrator. The defendants have accurately identified Bank One, Morgan Guarantee, but all of those plans, they don't exist anymore except within the J.P. Morgan Chase Plan and they're all administered by J.P. Morgan Chase.

Tr. 12:20-13:2. Thus, failure to certify the proposed class may result in "incompatible standards of conduct" for JPMC as the sole administrator of the Plan. As Plaintiff point out, reformation of only some of the Predecessor Plans would result in JPMC, as the sole administrator, managing

some plans under one set of standards and the others under a different standard. Tr. at 14:10-24; see also Tr. at 14:21-24 ("So it would be, we think, totally unworkable and inappropriate to have the administrator on one hand fixing one of the plans it administers, but on the other hand not fixing one of the plans it administers."). Further, in the situation where individual plaintiffs prevail in a lawsuit, reformation of the Plan may affect the interest of other plan members to the extent these participants are subject to the same Plan. Accordingly, I find that Plaintiffs can maintain a class action under Federal Rule of Civil Procedure 23(b)(1).

*b. Certification Under Rule 12(b)(2)*

Plaintiffs' prayer for relief includes a request to enjoin Defendants from utilizing the cash balance method to calculate retirement benefits. If Plaintiffs prevail on the merits and JPMC's Plan is found to violate ERISA's age-based accrual rules, any injunctive or declaratory relief ordered would be applicable to the entire class. Thus, class certification under Rule 23(b)(2) is appropriate also.

*C. Issue Certification*

As held above, inclusion of notice claims that encompass Predecessor Plans dating back to 1989 may not be certified. However, Federal Rule of Civil Procedure 23 allows courts to certify a class limited to specific issues. FED. R. CIV. P. 23(c)(4)(A).

Plaintiffs' age discrimination claim is a question of statutory interpretation – whether cash balance plans discriminate on the basis of age. This claim affects all class members in the same way, regardless of their age, employment status (current or former employee), or employer (JPMC or one of the Predecessor Plans). For individuals who have not elected and taken their lump sum payment and "whose accrued benefits or pension benefits are based in whole or in part on the Plan's cash balance formulas," Plaintiffs allege that the cash balance plan allocates less money to an employee's retirement account as they age. This claim is common and typical to the class, and named Plaintiffs are adequate representatives of all class members in their goal to reform a plan that allocates less money to retirement accounts as employees get older.

With respect to the notice claims, Plaintiffs failed to demonstrate that typicality was met amongst notices issued by different companies dating back to 1989. However, it is undisputed that participants of the 2002 JPMC Plan all received the same notice which Plaintiffs allege were deficient in the same way, failure to apprise participants of the reduction to the rate of benefit accrual. Since the Rule 23 factors are met with respect to the 2002 Plan, the class will be limited

to this subset but with respect to the notice claims only.

Last, class certification can proceed, even though the named Plaintiffs are not participants in each of the Predecessor Plans. Once it is established that the Plaintiffs have standing under Article III to bring this claim, which they do, the relevant inquiry is whether the class representatives meet the Rule 23 factors vis-à-vis the putative members of the class. Because Plaintiffs demonstrate that the Rule 23 factors are satisfied in the manner indicated above, class certification is proper.

However, this, of course, excludes Plaintiffs Aldoroty and Schomaker as former employees that have received their lump sum benefit.

### D. Trial Administration of the Class

*1.   Appointment of Class Counsel*

When a class is certified, a court is also charged with appointment of class counsel. FED. R. CIV. P. RULE 23(g). Class counsel must be "qualified, experienced and generally able to conduct the [] litigation." In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992). Defendants do not dispute that Plaintiffs satisfy this requirement and I agree. Plaintiffs are represented by three firms – Schiffrin & Barroway, LLP, Kirby, McInerney & Squire, LLP, and Keller Rohrback LLP – all with extensive experience in ERISA class action litigation. Plaintiffs include firm resumes in support of their motion and I find that they have satisfied their burden under this prong. Linden Aff., Ex. B-E.

Rule 23 directs courts to consider, at a minimum, the following factors: "the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class." See Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 375 (S.D.N.Y. 2007) (outlining the elements courts *must* consider and noting the court's discretion to consider any "other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.") (citation omitted). Co-lead counsel Schiffrin & Barroway, LLP, Kirby, McInerney & Squire, LLP, and Keller Rohrback LLP not only have extensive experience with ERISA class action litigation but have undertaken significant work in litigating this case up to this point – drafting the consolidated complaint and defense of the motion to dismiss.[6]

---

[6] Defendants do not challenge co-lead counsel Schiffrin & Barroway, LLP, Kirby, McInerney & Squire,

In addition, I may consider any other factors relevant to counsel's ability to fairly and adequately represent the interests of the class. FED. R. CIV. P. 23(g)(C)(ii) and Advisory Committee Notes Rule 23(g), 2003 Amendments, Subsection (C) (inviting the court to consider other pertinent matters); Federal Judicial Center, 4 Manual for Complex Litigation ("Manual") § 21.27 at 278-301 (2004) (same); WRIGHT & MILLER § 1802.3 ("[The court] has broad authority in making [class counsel] appointments."). See, e.g., In re Air Cargo Shipping Servs. Antitrust Litig., 240 F.R.D. 56, 58 (E.D.N.Y. 2006) (considering "attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court" among factors for appointment of class counsel). No single factor is dispositive. Manual § 21.271 at 279.

Appointment of class counsel is an extraordinary practice with respect to dictating and limiting the class members' control over the attorney-client relationship and thus requires a heightened level of scrutiny to ensure that the interests of the class members are adequately represented and protected. Judge Jack Weinstein of the Eastern District has aptly compared the role of class counsel to that of "a judicially appointed fiduciary, not that of a privately retained counsel." Schwab v. Philip Morris USA, Inc., 449 F. Supp.2d 992, 1106-1107 (E.D.N.Y. 2006).

The proposed class includes thousands of Plan participants, both male and female, arguably from diverse racial and ethnic backgrounds. Therefore, I believe it is important to all concerned that there is evidence of diversity, in terms of race and gender, of any class counsel I appoint. A review of the firm biographies provides some information on this score. Here, it appears that gender and racial diversity exists, to a limited extent, with respect to the principal attorneys involved in the case. Co-lead counsel has met this Court's diversity requirement—*i.e.,* that at least one minority lawyer and one woman lawyer with requisite experience at the firm be assigned to this matter.

Last, although the appointment of three firms as class counsel gives me pause, co-lead counsel has assured me that they will work together efficiently and minimize expenditures to the Plaintiff class. To that end, I have directed counsel to submit quarterly reports that reflect the attorneys' fees incurred during that time period. Two such reports have been submitted to date. As a result of the above, Plaintiffs have satisfied me that their selected co-lead counsel will fairly, adequately, and economically represent the interests of the class and thus, Schiffrin &

---

LLP, and Keller Rohrback LLP's appointment.

Barroway, LLP, Kirby, McInerney & Squire, LLP, and Keller Rohrback LLP are appointed class counsel pursuant to Federal Rule of Civil Procedure 23(g).

2.  *Notice for Absent Class Members*

Pursuant to Rule 23(c)(2)(A), "the [C]ourt *may* direct appropriate notice to the class" certified under Rule 23(b)(1) or (2). Fed. R. Civ. P. 23(c)(2)(A) (emphasis added); Advisory Committee Notes, Subdivision (c)(1) ("Whether the court should require notice to be given to the members of the class of . . . the order embodying [the certified class], is left to the court's discretion under subdivision (d)(2).). Given the potential number of plaintiffs in the proposed class and the financial burden to the representative plaintiffs, the Court will not require notice to the absent class members at this stage of the litigation.

### III.  CONCLUSION

Certification is granted to the class with respect to the notice claims—*i.e.*, Counts IV, V, and VI, but only with respect to the class claims that stem from the JPMC Plan as of January 1, 2002, and excluding those individuals who have already received their lump sum benefit.

Certification is granted to the class with respect to the age discrimination claim beginning the 1st day of January 1989, however, because *Hirt v. The Equitable Ret. Plan for Employees, Managers & Agents,* No. 06-CV-4757, is currently *sub judice* before the Second Circuit, and since that decision will likely be dispositive of the age discrimination issue, I am reserving the right to revisit this issue following that decision. *See* FRCP 23(c)(i)(C).

Plaintiffs Berotti, Falchetti, Melli, and Shapiro are appointed class representatives, and the law firm Schiffrin & Barroway, LLP, Kirby, McInerney & Squire, LLP, and Keller Rohrback LLP are appointed class counsel and will abide by my Order of July 28, 2006.

Discovery may proceed but it is restricted with respect to the age discrimination claim to the period January 1, 2002 and thereafter. The parties will prepare a proposed joint pretrial scheduling order and bring it to a pretrial conference in chambers on June 14, 2007 at 3:00 P.M.

The Clerk of the Court is instructed to close this motion and remove it from my docket.

IT IS SO ORDERED.
New York, New York
May 30, 2007

_____
U.S.D.J.

15