UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
IN RE J.P. MORGAN CHASE CASH BALANCE    :
LITIGATION                              :         06 Civ. 732 (HB)
------------------------------------------------------------------ :
THIS DOCUMENT RELATES TO:               :         <u>OPINION & ORDER</u>
                                        :
All Actions                             :
------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

  Plaintiffs, former employees of JPMorgan Chase & Co. ("JPMC") and its various Predecessor Plans, allege various ERISA violations against JPMC and JPMC's Director of Human Resources (collectively "Defendants"). On May 30, 2007, the Court issued an Opinion and Order ("May 30th Order" or the "Order") granting in part and denying in part Plaintiffs' Motion for Class Certification. I granted clearly and unequivocally Plaintiffs' notice claims that stemmed from the JPMC Plan as of January 1, 1989, and equally clearly, denied class claims to Aldoroty and Schomaker and all those similarly situated that had taken lump sum benefits on their retirement. I found that they lacked standing to bring this action under ERISA.

  On June 14, 2007, pursuant to Local Rule 6.3 and Rule 54(b), Plaintiffs filed this motion for certification and because they failed to understand my May 30th Order that persons who took a lump sum distribution after this action was commenced on January 31, 2006, and those that will thereafter, are excluded from the class. Plaintiffs' motion for reconsideration reiterates essentially the same arguments they have made time and time again—the same points this Court has thoroughly considered and found wanting. For the reasons set forth below, Plaintiffs' motions for reconsideration and certification are DENIED.

## I. BACKGROUND

  The facts of this case, including the terms of the Plan at issue, are set forth in detail in my October 30, 2006 Opinion & Order as well as my May 30, 2007 Opinion & Order, familiarity with which is presumed. *See In re J.P. Morgan Cash Balance Litigation*, 460 F.Supp.2d 479 (S.D.N.Y. 2006); *In re J.P. Morgan Chase Cash Balance Litig.*, No. 06-Civ.-0732, 2007 U.S. Dist. LEXIS 38766 (S.D.N.Y. May 30, 2007).

## II. STANDARD OF REVIEW

  "Motions for reconsideration are intended to bring to the Court's attention matters that it overlooked, not to examin[e] a decision and then plug[] the gaps of a lost motion with additional

1

matters. . .[a] party seeking reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." *In re Rezulin Prods. Liab. Litig.*, 224 F.R.D. 346, 349 (S.D.N.Y. 2004) (internal quotation and citation omitted); *In re Health Mgmt. Sys., Sec. Litig.,* 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (noting that reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."). The purpose of Local Civil Rule 6.3,[1] which governs Plaintiffs' motion for reconsideration, is to ensure the finality of decisions. Accordingly, relief is *only* available to the extent that the Court overlooked controlling law or factual matters that were put before it, or alternatively, where the movant demonstrates a clear error or to prevent manifest injustice. *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

A court must narrowly construe and strictly apply Local Rule 6.3 "so as to avoid duplicative rulings on previously considered issues and to prevent the Rule from being used as a substitute for appealing a final judgment." *Newman v. RCN Telecom Servs.*, 448 F. Supp. 2d 556, 557 (S.D.N.Y. 2006).

Further, a partial adjudication pursuant to Rule 54(b)[2] requires Plaintiff to show "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005) ("Respect for the historic federal policy against piecemeal appeals requires that a Rule 54(b) certification not be granted routinely[, and] should be used only in the infrequent harsh case where there exists.") (internal citations and quotation marks omitted).

### III.   DISCUSSION

Plaintiffs contend that reconsideration is appropriate and indeed "critical" here because the status of the Lump Sum participants is unclear. Specifically, Plaintiffs claim that reconsideration is justified for three reasons – (1) the Court overlooked the Second Circuit's

---

[1] Local Civil Rule 6.3 provides in pertinent part: "A notice of motion for reconsideration or reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked ….No oral argument shall be heard unless the court directs that the matter shall be reargued orally. *No affidavits shall be filed by any party unless directed by the court*." (emphasis added).

[2] Fed. R. Civ. P. 54(b) provides in relevant part that "[a]ny order or other form of decision … which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

"controlling" decision in Esden v. Bank of Boston, 229 F.3d 154 (2d Cir. 2000); (2) three cases decided after the May 30th Order and which Plaintiffs' allege supports their position, and (3) the Court misapplied the "zone of interest" test discussed in the May 30th Order. Unfortunately for Plaintiffs, this Court will not grant them a second bite at the apple.

*a.*     ***Reconsideration Pursuant to Local Rule 6.3***

Plaintiffs contend that the Court's May 30th Order is inconsistent with controlling law, particularly the Second Circuit's decision in *Esden v. Bank of Boston*, 229 F.3d 154 (2d Cir. 2000). The Court previously considered *Esden* and other cases in this Circuit and determined that while the Second Circuit has not yet decided the issue of participant standing with respect to persons who opted for lump sum payments, the cases in this Circuit support a determination that Aldoroty and Schomaker (and those similarly situated) are no longer ERISA "participants" eligible to receive a "benefit," and thus, lack standing to proceed. *See* May 30th Order, at 4-6; *Coan v. Kaufman*, 457 F.3d 250, 255-56 (2d Cir. 2006). Similarly, the Court's interpretation and application of the "zone of interests" test articulated in *Mullins v. Pfizer*, 23 F.3d 663 (2d Cir. 1994) was clear and will not be revisited. See May 30th Order, at 5-6. Aggressive litigation is sometimes commendable—this doesn't fit the bill.

Nor do the recent cases presented by Plaintiffs weigh in favor of a different outcome for Aldoroty and Schomaker, because cases from the Seventh Circuit and district courts in Illinois and Connecticut are not controlling for purposes of Local Rule 6.3. *See, e.g., Pharr v. Evergreen Gardens, Inc.*, No. 03-cv-5520 (HB), 2004 U.S. Dist. LEXIS 3872, at *2 (S.D.N.Y. Mar. 11, 2004) ("[T]he cases upon which plaintiffs rely are not controlling law since all but two of the cases were decided by other circuit courts of appeal or district courts outside the Second Circuit."); *Herman Miller, Inc. v. Worth Capital*, No. 97-cv-7878 (SAS), 1998 U.S. Dist. LEXIS 6275, at *1 (S.D.N.Y. May 4, 1998) ("The decision of a fellow district court is not a 'controlling' one for the purposes of Local Rule 6.3."). I refuse to open the door to relitigation of the standing issue. Further, no manifest injustice will result from my May 30th Order since Lump Sum Plaintiffs are free to bring a separate action to recover damages. However, they are excluded from the certified class in this action.

*b.*     ***Rule 54(b) Certification***

Rule 54(b) certification is inappropriate in this instance because Plaintiffs have not shown that hardship or injustice from the delay will be alleviated by an immediate appeal here. Plaintiffs contend that this Court should direct the entry of final judgment as to the Lump Sum

Plaintiffs to provide "some degree of certainty regarding their benefits" to "tens of thousands of Plan participants and beneficiaries." Pls' Mem. In Support of Mot. for Reconsideration, at 13. Although my decision to exclude the Lump Sum Plaintiffs from the certified class is "final," Plaintiffs' argument that "proceeding without appellate review is likely to confuse and mislead [the Lump Sum Plaintiffs]" is unpersuasive and does not support an exercise of my discretion in this instance. "Confusion"—which is expected in any pending litigation—does not rise to the level of "hardship" contemplated by Rule 54(b). *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980) ("Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims.").

## IV.    CONCLUSION

Because Plaintiffs have failed to identify any controlling law or factual matters put to the Court on the underlying motion that the Court demonstrably did not consider, and, in the alternative, because they have failed to establish any manifest injustice which would result if the May 30th Order stands, Plaintiffs' motion for reconsideration is DENIED. Further, because Plaintiffs have not shown that without interlocutory review they face unjust hardship, Plaintiffs' motion for certification pursuant to Rule 54(b) is denied.

The Clerk of the Court is instructed to close this motion and remove it from my docket.

**IT IS SO ORDERED.**
**New York, New York**
**July 31, 2007**

_____
U.S.D.J.

4