```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
IN RE J.P. MORGAN CHASE CASH BALANCE    :
LITIGATION                              :
--------------------------------------- :   06 Civ. 732 (DLC)
THIS DOCUMENT RELATES TO:               :
                                        :   OPINION AND ORDER
All Actions                             :
----------------------------------------X
```

Appearances:

Co-Lead Counsel for Plaintiffs and the Class:

Lynn L. Sarko
Derek W. Loeser
Amy Williams-Derry
Karin B. Swope
Keller Rohrback LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101

Peter S. Linden
Alice McInerney
Henry Telias
Kirby McInerney LLP
825 Third Avenue
New York, NY 10022

Richard S. Schiffrin
Joseph H. Meltzer
Edward W. Ciolko
Joseph A. Weeden
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19087

For Plaintiffs:

Edgar Pauk
Law Offices of Edgar Pauk
144 East 44th Street, Suite 600
New York, NY 10017

For Defendants:

Thomas C. Rice
Jonathan K. Youngwood
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017

Meryl R. Kaynard
JPMorgan Chase Legal Department
One Chase Manhattan Plaza, 26th Floor
New York, NY 10081

Plaintiffs John Berotti, Annette Falchetti, Terri Melli, and Perry Shapiro ("Plaintiffs"), former employees of JPMorgan Chase & Co. ("JPMC"), have asserted multiple claims for relief against defendants JPMC and JPMC's Director of Human Resources (collectively, "defendants").  The claims, brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., stem from a transition to a cash balance retirement plan almost two decades ago and the subsequent amendments to the plan implemented by JPMC.  On May 30, 2007, the Honorable Harold Baer certified a class with respect to a subset of Plaintiffs' claims.  In re J.P. Morgan Cash Balance Litigation, 242 F.R.D. 265, 278 (S.D.N.Y. 2007) (the "May 2007 Order").  Judge Baer excluded from the class former employees who have already received lump-sum retirement benefits and barred class claims of inadequate notice for the period before 2002.

Plaintiffs now bring a motion to amend the class certification under Rule 23(c)(1)(C), Fed. R. Civ. P., by either certifying an additional issue pursuant to Rule 23(c)(4), Fed. R. Civ. P., or by adding an additional subclass under Rule 23(c)(5), Fed. R. Civ. P., to encompass a notice claim related to the 1989 adoption of a cash-balance plan by the Chase Manhattan Bank ("Chase").  Plaintiffs also ask that former employees who received lump-sum payments of their retirement benefits be added to the class.  The motion is granted in part.

## BACKGROUND

In 1989, Chase amended its defined benefit retirement plan to create a cash balance plan (the "1989 Chase Plan").[1]  In 1988, all plan participants received notice of the implementation of the new cash balance plan; a summary plan description ("SPD") with further information about the 1989 Chase Plan followed in 1990.  Chase then underwent a series of mergers with Chemical Banking Corporation ("Chemical"), Manufacturers Hanover Trust, and J.P. Morgan & Co., Inc ("J.P. Morgan").  The plan at issue, effective January 1, 2002 (the "Plan"), is the result of the merger of and amendments to the various retirement plans at JPMC's predecessor companies, culminating in the 2000 merger of

---

[1] For a description of a cash balance plan, see the Opinion issued today in a related case, Bilello v. J.P. Morgan Chase Retirement Plan and J.P. Morgan Chase Director of Human Resources, No. 07 Civ. 7379.

Chase and J.P. Morgan.  The Plan was amended again in 2005, following JPMC's merger with Bank One Corporation.

The Plaintiffs, all of whom were former employees of JPMC and its various predecessor banks, filed their corrected consolidated class action complaint on June 23, 2006, asserting multiple claims for relief under ERISA.  The claims included allegations that defendants failed to provide notice of a reduction in the rate of benefit accrual, failed to provide adequate SPDs, and failed to provide summaries of material modifications, in violation of, respectively, ERISA Section 204(h), 29 U.S.C. § 1054(h); ERISA Section 102(b), 29 U.S.C. § 1022(b); and ERISA Section 102(a), 29 U.S.C. § 1022(a) (the "Notice Claims").  Other claims included an age discrimination claim and claims that the transition to a cash balance plan impermissibly postponed benefits ("backloading") and caused a forfeiture of accrued benefits.  The Plaintiffs later withdrew the backloading and forfeiture claims, but the age discrimination and Notice Claims survived defendants' first motion to dismiss.  In re J.P. Morgan Cash Balance Litigation, 460 F. Supp. 2d 479, 492 (S.D.N.Y. 2006) ("J.P. Morgan").

Plaintiffs then moved for certification of a class consisting of "all plan participants, whether active, inactive or retired, their beneficiaries and Estates, whose accrued benefits are based in whole or in part on the Plan's cash

balance formulas, from January 1, 1989 to present." Following briefing and two rounds of oral argument, on May 30, 2007, Judge Baer certified a class for the age discrimination claim as well as for the Notice Claims "only with respect to the class claims that stem from the JPMC Plan as of January 1, 2002." J.P. Morgan, 242 F.R.D. at 278. Judge Baer excluded claims related to notices issued before 2002, finding that Plaintiffs failed to meet the typicality threshold required under Rule 23(a)(3), Fed. R. Civ. P. Predecessor banks had issued the pre-2002 notices, and the proposed class, employed by various predecessors, was subject to a range of notices during this time period. Finding that Plaintiffs failed to demonstrate that JPMC's predecessors' plans were sufficiently similar, Judge Baer reasoned that analyzing the Notice Claims would therefore require "numerous" fact-specific inquiries about notices distributed by a variety of employers and possibly include individuals who had received benefits not calculated under a formula in a cash-balance plan. Id. at 273-74. While he did not dismiss Plaintiffs' individual Notice Claims for the period from 1989 to 2002, he limited discovery to information related to the period from January 1, 2002 to the present. Id. at 278. Judge Baer also excluded two named plaintiffs and all former employees of JPMC who had already received a lump-sum payout of their retirement benefits,

5

finding that they were no longer "participants" in the Plan under ERISA and therefore lacked standing to sue.  Id. at 272.

On June 14, 2007, Plaintiffs moved for reconsideration of the May 2007 Order with respect to the exclusion of the recipients of lump-sum benefits.  They did not address the 2002 cut-off date for Notice Claims.  Their motion was denied on July 31.  In his order denying the motion, Judge Baer stated that "I granted clearly and unequivocally Plaintiffs' notice claims that stemmed from the JPMC Plan as of January 1, 1989."  J.P. Morgan, No. 06 Civ. 732 (HB), 2007 WL 2177019, at *3 (S.D.N.Y. July 31, 2007).  Despite the ambiguity created by this endorsement, which appeared to contradict the May 2007 Order's limitation of class-wide Notice Claims, the parties confined their discovery to the period following January 1, 2002.  On December 7, 2007, thirteen days before the scheduled end of fact discovery, Plaintiffs asked Judge Baer to clarify whether the Notice Claims had in fact been certified from the period January 1, 1989 to the present.  Judge Baer reiterated that the May 2007 Order had granted class certification on Notice Claims from 2002 only.  Plaintiffs then wrote to Judge Baer requesting limited discovery for the age discrimination claim before 2002.  He denied their request on December 26.

The case was then stayed on March 17, 2008, until the earlier of either March 15, 2009 or the Second Circuit's

6

decision on ERISA age discrimination claims in Hirt v. The Equitable Retirement Plan, 533 F.3d 102 (2d Cir. 2008).  While a June 15, 2007 Order had scheduled a trial for September 2008, the March 2008 Order stated that, in the event that Hirt was not decided by March 15, 2009, trial would occur in early September 2009.

The Second Circuit issued its opinion in Hirt in July 9, 2008, holding that "cash balance plans do not by definition violate ERISA's prohibitions against age-based reductions in the rate of benefit accrual." Id. at 110.  The decision effectively eliminated Plaintiffs' hope of prevailing in their age discrimination claim, leaving only Notice Claims.[2]  In a telephonic status conference on August 20, Plaintiffs informed defendants that they intended to file a motion to modify the definition of the certified class pursuant to Rule 23(c)(1)(3), Fed. R. Civ. P.

The case was reassigned to this Court on September 26, 2008, and on October 3 the Court scheduled a conference for October 24.  Plaintiffs moved to amend the May 2007 Order on October 21.  Arguing that Rule 23(c)(1)(C), Fed. R. Civ. P. authorizes amendment of class certification at any point before

---

[2] Plaintiffs' age discrimination claim was subsequently dismissed on an unopposed motion brought by defendants pursuant to Rule 12(c), Fed. R. Civ. P.  J.P. Morgan, No. 06 Civ. 732 (S.D.N.Y. Dec. 5, 2008) (order).

7

final judgment, they request certification of Notice Claims related to the 1989 conversion of the Chase retirement plan to a cash balance plan.  This class would be far more limited than the class originally proposed by Plaintiffs, which had included Notice Claims related to the conversions to a cash balance plan that had occurred at several JPMC predecessor banks in addition to Chase, and the plan amendments that followed each of those conversions.[3]  Plaintiffs also ask that the former employees who have taken a lump-sum benefit be added to the class.  Defendants filed their opposition to Plaintiffs' motion to amend class certification on November 5, and the motion was fully submitted on November 13.

At the October 24 conference, the parties received a trial date of March 2, 2009 for the Notice Claims.  Defendants stated that, were a notice class certified for the period prior to 2002, defendants would need additional fact discovery related to those claims.[4]  The parties were advised that, were Plaintiffs' motion to include lump-sum recipients granted, the Notice Claims for those recipients would be included in the March 2009 trial.

---

[3] As noted in the May 2007 Order, JPMC has merged its Plan with those from several institutions other than Chase, including Chemical and Bank One.  All told, the proposed class included a dozen plan conversions and amendments and half a dozen corporate sponsors.

[4] In their brief, defendants explain that no discovery concerning any plan in effect prior to 2002 has occurred since the May 2007 Order.

DISCUSSION

Plaintiffs argue that Rule 23(c)(1)(C), Fed. R. Civ. P., confers discretion on the district court to amend the definition of the class that is certified. They assert that an exercise of discretion is warranted with respect to the Notice Claims as they relate to the 1989 Chase Plan (the "1989 Notice Class") because the proposed class, with lead plaintiffs Berotti and Falchetti, meets the requirements of Rule 23 and because certification would "promote the interests of fairness and efficiency inherent in Rule 23." With respect to the inclusion of lump-sum recipients in the class, Plaintiffs argue that the Supreme Court's 2008 decision in LaRue v. DeWolff, Boberg & Associates, 128 S.Ct. 1020 (2008), represents controlling authority for the proposition that lump-sum recipients are in fact "participants" under ERISA and qualified to bring ERISA claims. They also argue that Judge Baer did not correctly apply Second Circuit law when he determined that former employees who had received lump-sum payouts of their retirement benefits lacked standing. Defendants contend that there have not been any factual or legal developments that merit disturbing the May 2007 Order, that the May 2007 Order was correctly decided in any event, and that certifying the 1989 Notice Class at this stage would unfairly prejudice defendants.

A district court does have discretion to alter or amend a class action ruling before final judgment. In re Initial Public Offering Securities Litigation, 483 F.3d 70, 72-73 (2d Cir. 2007) ("In re IPO"). "[C]ourts are required to reassess their rulings as the case develops," and "must define, redefine, subclass, and decertify as appropriate in the progression of the case from assertion to facts." Boucher v. Syracuse University, 164 F.3d 113, 118 (2d Cir. 1999). See also Cordes & Co. Financial Svcs., Inc. v. A.G. Edwards & Sons, Inc., 502 F.3d 91, 104 (2d Cir. 2007); In re VisaCheck/MasterMoney Antitrust Litigation, 280 F.3d 124, 141 (2d Cir. 2001) (overruled on other grounds, In re IPO, 471 F.3d at 42). Boucher and Cordes suggest, however, that there must be some development or change in circumstances to merit revisiting a class certification decision. See also Sanders v. Levy, 558 F.2d 636, 643 (2d Cir. 1976) (overruled on other grounds, Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978) ("If, on the other hand, unmanageability should develop or facts should arise which indicate that class treatment is inappropriate, the district judge can reassess the procedures to be employed and can even reconsider the class action designation") (emphasis added)).

This standard echoes the law of the case doctrine, which advises a court to exercise caution in revising its earlier decision absent special circumstances. While not binding, the

10

law of the case doctrine "counsels a court against revising its prior rulings in subsequent stages of the same case absent compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Ali v. Mukasey, 529 F.3d 478, 490 (2d Cir. 2008) (citation omitted).  The issue thus becomes whether Plaintiffs have identified developments in the case that warrant disturbing Judge Baer's class certification order.

   A. 1989 Notice Claims

    With regard to the request to add the 1989 Notice Claims, the Plaintiffs do not describe new factual or legal developments that have occurred since the issuance of the May 2007 Order. Rather, the arguments in Plaintiffs' opening brief resemble those customarily presented on a motion for reconsideration. See Local Rule 6.3; Shrader v. CSX Trans., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Plaintiffs assert that Judge Baer overlooked an opportunity to create a narrower subclass of claims related to Chase's 1989 conversion to a cash balance plan.  A motion for reconsideration is subject to a ten-day time limit.  Local Rule 6.3.  Revisiting the same issues again, far more than a year after the May 2007 Order, falls outside the time limits of Local Rule 6.3.

11

While Plaintiffs refer vaguely to their prior suggestion that Judge Baer create subclasses to address concerns regarding the breadth of the class ("Plaintiffs suggested that creation of subclasses was an available mechanism for addressing any concerns regarding the breadth of the class"), apparently made in response to defendants' argument that the proposed class was unwieldy, they have not shown that Judge Baer overlooked any specific proposal that the Plaintiffs made during the briefing of the class certification motion for the narrower class they propose here. Nor have Plaintiffs pointed to any such proposal made by them to Judge Baer in the weeks or even months following the issuance of the May 2007 Order.

In their reply brief, Plaintiffs attempt to identify changed circumstances that would excuse this delay. These include the clarification in December 2007 that a class was not certified for the purpose of bringing Notice Claims against amendments prior to 2002, the stay of the action from March to September 2008, the <u>Hirt</u> ruling that eliminated Plaintiffs' age discrimination claims, Plaintiffs' August 2008 statement that they would seek to amend the certification, and the transfer of the case from Judge Baer in September 2008. Plaintiffs do not explain how any of these developments undermine Judge Baer's determination in the May 2007 Order limiting the class to Notice Claims from 2002 forward or justify their waiting until this

12

late date to revisit the issue.  Even if the July 31, 2007 Order inserted some ambiguity about the scope of the May 2007 Order, that confusion was eliminated by Judge Baer's December 2007 ruling, and still the Plaintiffs did not move for certification of an alternative, narrower class for 1989 Notice Claims.  The <u>Hirt</u> decision eliminated Plaintiffs' age discrimination claim, previously a major part of this lawsuit, but did not affect their Notice Claims.  Finally, the reassignment of a case from one district court judge to another is not an opportunity to call the rulings of the prior judge into doubt.[5]  In sum, Plaintiffs have not shown any development in the case or law that warrants disturbing Judge Baer's restriction of the Notice Claims to those for the period following 2001.

   B. Former Employees Receiving Lump-Sum Retirement Benefits

      Plaintiffs' second effort to enlarge the class concerns former JPMC employees who received lump-sum payouts of their retirement benefits.  Plaintiffs argue, <u>inter alia</u>, that the May 2007 Order incorrectly interpreted Second Circuit law when it excluded these former employees for lack of standing.

---

[5] Defendants also point out that the potential members of a 1989 Notice Class are subject to individualized statute of limitations defenses and that their claims are therefore inappropriate for class treatment.  It is not necessary to reach this issue because Plaintiffs have failed to identify changed circumstances that justify reconsideration of the issue.

Defendants respond that the May 2007 Order was correctly decided.

The definition of the class will be amended to include former employees who have received lump-sum retirement benefits. The named plaintiff in related litigation recently reassigned to this Court, <u>Bilello v. JPMorgan Chase Retirement Plan, et al.</u>, 07 Civ. 7379, is a former employee who received a lump-sum benefit from the JPMC Plan.  Bilello, who is also represented by Plaintiffs' counsel here, filed his complaint on August 17, 2007 to pursue Notice Claims stemming from the 1989 conversion of his pension plan to a cash balance plan in response to the May 2007 Order's exclusion of all pre-2002 Notice Claims, as well as to bring other claims no longer at issue in this lawsuit.  An Opinion issued today in <u>Bilello</u> has found the plaintiff to be a "participant" in an ERISA plan who may bring notice claims under ERISA.  For the reasons stated in the <u>Bilello</u> Opinion, former employees to whom lump-sum retirement payouts have been distributed have standing to sue.  The class certification shall therefore be amended to include former employees who have received lump-sum retirement benefits.

CONCLUSION

Plaintiffs' October 21, 2008 motion to amend class certification is denied with respect to the 1989 Notice Claims and granted with respect to the inclusion of former employees who have received lump-sum payouts of their retirement benefits. The May 2007 Order is hereby amended in accordance with this Opinion. All current deadlines in this matter remain in place.

SO ORDERED:

Dated:   New York, New York
         January 6, 2009

                                    _____
                                         DENISE COTE
                                    United States District Judge