UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE JP MORGAN CHASE CASH BALANCE LITIGATION | Via ECF<br><br>Master File No. 06-cv-0732 (DLC)(THK) |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |
| FRANK BILELLO, individually and on behalf of all others similarly situated,<br><br>Plaintiff;<br><br>v.<br><br>JPMORGAN CHASE RETIREMENT PLAN, JPMORGAN CHASE DIRECTOR OF HUMAN RESOURCES as administrator of the JPMorgan Chase Retirement Plan,<br><br>Defendants. | Via ECF<br><br>Civ. No. 07-CV-7379 (DLC)(THK)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 7/15/10 |

## ORDER AND FINAL JUDGMENT

These cases are brought under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Individual Cash Balance Plaintiffs[1] filed a Consolidated Class Action Complaint *In re JPMorgan Chase Cash Balance Litigation*, Master File No. 06-cv-0732 (DLC) ("*Cash Balance* Action") on June 23, 2006. Plaintiff Frank J. Bilello filed a Second Amended Complaint in *Bilello v. JP Morgan Chase Retirement Plan, et al.*, No.

---

[1] Individual Cash Balance Plaintiffs are Neil Aldoroty, John J. Berotti, Annette Marie Falchetti, Terri Melli, Norman Schomaker, and Perry Shapiro.

07-cv-7379 (DLC) ("*Bilello* Action") on August 19, 2009.[2] The parties fully executed a Stipulation and Agreement of Settlement ("Settlement Agreement") for both Actions on January 29, 2010. Plaintiffs and Defendants have agreed that the Actions should be consolidated solely for purposes of the Settlement. Before the Court is Named Plaintiffs' Motion for Final Approval of Class Action Settlement, Settlement Class Certification, Case Contribution Awards to Named Plaintiffs and Reimbursement of Attorneys' Expenses ("Motion for Final Approval").[3]

On March 3, 2010, the Court entered its Order Granting Preliminary Approval of Class Action Settlement, Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice Plan, and Setting a Date for a Hearing on Final Approval of Settlement ("Order for Notice and Hearing"). A hearing was held on June 25, 2010 (the "Final Approval Hearing") to: (i) determine whether to grant the Motion for Final Approval; (ii) determine whether to grant the request for case contributions awards to Named Plaintiffs and reimbursement of attorneys' expenses; and (iii) rule upon such other matters as the Court might deem appropriate. In connection with the Motion for Final Approval, the Court considered the written submissions of the parties and of class members, as well as oral argument presented at the Final Approval Hearing.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of these Actions, all Class members, and all Defendants pursuant to 29 U.S.C. § 1132(e).

2. The Actions should be consolidated solely for purposes of the Settlement.

---

[2] Individual Cash Balance Plaintiffs and Plaintiff Bilello are collectively referred to herein as "Named Plaintiffs" or "Plaintiffs."

[3] All capitalized terms used in this Order and Final Judgment and not defined herein shall have the meanings assigned to them in the Settlement Agreement.

3. In accordance with Federal Rule of Civil Procedure 23 and the requirements of due process, the Class has been given proper and adequate notice of the Settlement and the Fairness Hearing. The Notice and Notice methodology implemented (a) were appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (b) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law. Notice was sent by U.S. mail, e-mail or interoffice mail to approximately 100,000 class members. As determined by the Court at the Final Approval Hearing, no other notice is required.

4. The Settlement was negotiated at arm's-length by experienced counsel who were fully informed of the facts and circumstances of the Actions and of the strengths and weaknesses of their respective positions. The Settlement was reached after the Parties had engaged in extensive fact and expert discovery. Plaintiffs' Counsel and Defendants' Counsel are therefore well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation over numerous questions of fact and law.

5. The Court finds that the requirements of the United States Constitution, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, and any other applicable laws have been met as to the "Class" defined below, in that:

    a. The Class is cohesive and well defined;

    b. The members of the Class are ascertainable from records kept with respect to the Plan, and the members of the Class are so numerous that their joinder before the Court would be impracticable;

3

c.  Based on allegations in both Actions, the Court preliminarily finds that there are one or more questions of fact and/or law common to the Class.

d.  Based on allegations in both Actions that the Defendants' alleged conduct affected members of the Class in a uniform manner, the Court finds that the claims of the Named Plaintiffs are typical of the claims of the Class;

e.  The Named Plaintiffs will fairly and adequately protect the interests of the Class in that: (i) the interests of Named Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Class; (ii) there appear to be no conflicts between or among Named Plaintiffs and the Class; and (iii) Named Plaintiffs and the members of the Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions;

f.  The prosecution of separate actions by individual members of the class would create a risk of (i) inconsistent or varying adjudications as to individual Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in both Actions or (ii) adjudications as to individual Class members that would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede the ability of those persons to protect their interests; and.

g.  The party opposing the Class has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

6.  Based on the findings set out in paragraph 4 above, the Court certifies the following class (the "Class") for settlement purposes under Fed. R. Civ. P. 23(b)(1) and (b)(2):

> All individuals who have or at any time had a vested benefit in the JPMorgan Chase Retirement Plan and/or its predecessor plans and, at any time prior to January 1, 2002, were subject to a Cash Balance Formula in one or more of the following plans: (1) The Retirement And Family Benefits Plan of The Chase Manhattan Bank, N.A., (2) the Retirement Plan of The Chase Manhattan Bank And Certain Affiliated Companies, (3) the Cash Plan for Retirement of Chemical Bank and Certain Affiliates, and (4) the Retirement Plan of Chemical Bank And Certain Affiliated Companies.

7.  The proposed Settlement warrants final approval pursuant to Federal Rule of Civil Procedure 23(e)(1)(A) and (C) because it is fair, adequate, and reasonable to the Class and others whom it affects based upon: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action through trial; (7) the ability of the Defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

8.  The Settlement was intended by the parties thereto to be contemporaneous exchange of value, and in fact constitutes such a contemporaneous exchange.

9.  The Motion for Final Approval is GRANTED, and the Settlement hereby is APPROVED as fair, reasonable, adequate to members of the Class, and in the public interest. The settling parties are directed to consummate the Settlement in accordance with the terms of the Settlement Agreement.

10. Plaintiffs' request for case contribution awards is DENIED. The Court, however, approves reimbursement of out-of-pocket expenses associated with serving as class representatives to the following plaintiffs in the amounts listed below:

   a. Annette Falchetti: $475.00;

   b. Terri Melli: $1,052.00;

   c. Norman Schomaker: $1,969.00; and

   d. Perry Shapiro: $1,461.54.

Defendants shall reimburse the above-named plaintiffs the amounts listed in this paragraph, respectively, within ten (10) business days after the Effective Date of the Settlement Agreement.

11. Plaintiffs' Counsel's request for reimbursement of expenses is GRANTED. Plaintiffs' Counsel are hereby awarded $600,000 as reimbursement of costs and expenses, and Defendants shall submit such payment to Plaintiffs' Counsel within ten (10) business days after the Effective Date of the Settlement Agreement.

12. The Court retains jurisdiction over these Actions and the Parties, the Plan, and members of the Class for all matters relating to these Actions, including (without limitation) the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Order and Final Judgment.

13. Named Plaintiffs and all members of the Class, on behalf of themselves, and the Class, and their personal representatives, heirs, executors, administrators, trustees, successors, and assigns, with respect to each and every Settled Claim, fully, finally and forever release, relinquish and discharge, and are forever enjoined from prosecuting, any Settled Claim against any of the Released Parties.

14. All counts asserted in the *Cash Balance* Action and *Bilello* Action are DISMISSED WITH PREJUDICE, without further order of the Court, pursuant to the terms of the Settlement Agreement.

15. If the Settlement is terminated in accordance with the terms of the Settlement Agreement, this Judgment shall be null and void and shall be vacated *nunc pro tunc*, and paragraph 8.3 of the Settlement Agreement shall govern the rights of the Parties thereto.

SO ORDERED THIS 15th day of July, 2010

The Clerk of Court shall close these actions.

_____
HONORABLE DENISE L. COTE
UNITED STATES DISTRICT JUDGE

7